UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAURICE JONES, ON HIS
OWN BEHALF AND ON
BEHALF OF OTHERS
SIMILARLY SITUATED,                CASE NO.:  1:11-CV-00542-
                                   RWS
    Plaintiffs,

vs.

ADVANCED CABLE
CONTRACTORS, INC.,

    Defendant.                    /

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

The parties to this action, by and through their undersigned counsel, hereby move this Court for the approval of the settlement and in support thereof, state:

**I**.    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer

to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's and the opt-ins' FLSA claims against Defendant. The proposed settlement arises out of an action brought by these individuals against their current or former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff, the opt-ins, and Defendant were represented by experienced counsel.

## II. Summary of the Case

Plaintiff and the opt-ins work(ed) as cable installation technicians for Defendant's cable installation company. They were paid by the job and were eligible and paid for overtime hours. Their overtime dispute arose from allegations that Defendant failed to pay its technicians for all hours worked. Specifically, they alleged that their work hours did not include time spent at the office in the morning prior to their first job, weekly meeting times and all travel time in between jobs. As a result, they alleged that all overtime wages due was not paid. Defendant disputes these allegations.

On or about June 9, 2011, Plaintiff filed this collective action under the FLSA. *See* Doc. 16. On July 8, 2011, the parties filed a stipulation wherein Defendant agreed to conditionally certify the class, and send court-approved

notice to the putative class members allowing them an opportunity to join the case. *See* Doc. 19. The period for opt-in Plaintiff's to join the case expired on August 30, 2011. Currently, thirteen (13) installers are a part of the case.

Following the conclusion of the notice period, the parties engaged in informal discovery which included exchange of in excess of 3300 pages of documents, including relevant pay and time records, personnel documents, etc. Plaintiff's counsel prepared damage estimates and forwarded the same to counsel for Defendant. The Parties then exchanged additional information confirming certain workweeks in which Plaintiff and the opt-ins could not have worked overtime hours. Plaintiffs revised their damage calculations. Eventually, the Parties reached a settlement that the Parties are confident fully compensates Plaintiff and the opt-ins for their unpaid overtime.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice. A copy of a proposed Order is attached.

## CERTIFICATION OF FONT SIZE

Pursuant to Local Rule 5.1(B) of the Local Rules of the United States District Court for the Northern District of Georgia, I, Carlos V. Leach, hereby certify that the **Joint Motion for Approval Settlement** is typewritten using Times New Roman font, fourteen (14) point type.

Dated this 30th day of March, 2012. Respectfully submitted,

| /s/ DEIRDRE M. STEPHENS | /s/ CARLOS LEACH |
|---|---|
| Deirdre M. Stephens-Johnson, Esq. | Carlos V. Leach, Esq. |
| GABN: 678789 | FLBN: 0540021 |
| Morgan & Morgan, P.A. | Morgan & Morgan, P.A. |
| 191 Peachtree St. NE, Ste. 4200 | 20 N. Orange Ave., Ste. 1600 |
| Atlanta, GA 30303 | P.O. Box 4979 |
| Tel.: (404) 965-8811 | Orlando, FL 32802-4979 |
| Fax: (404) 965-8812 | Tel.: (407) 420-1414 |
| Email: djohnson@forthepeople.com | Fax: (407) 420-5956 |
| *Attorney for Plaintiff* | Email: cleach@forthepeople.com |
| | *Attorney for Plaintiff* |

| /s/ DAVID GEVERTZ | /s/ MEGAN K. OUZTS |
|---|---|
| David Gevertz, Esq. | Megan K. Ouzts, Esq. |
| GABN: 292430 | GABN: 142654 |
| Baker Donelson | Baker Donelson |
| Monarch Plaza Suite 1600 | Monarch Plaza Suite 1600 |
| 3414 Peachtree Road NE | 3414 Peachtree Road NE |
| Atlanta, Georgia 30326 | Atlanta, Georgia 30326 |
| Tel.: (678) 406-8736 | Tel.: (678) 406-8736 |
| Fax: (678) 406-8836 | Fax: (678) 406-8836 |
| dgevertz@bakerdonelson.com | mouzts@bakerdonelson.com |
| *Attorney for Defendant* | *Attorney for Defendant* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing of Plaintiffs, has been served to: David E. Gevertz, Esq. and Megan Kreitner Ouzts, Esq, Baker Donelson Bearman Caldwell & Berkowitz, P.C., Monarch Plaza, Suite 1600, 3414 Peachtree Road, N.E., Atlanta, GA  30326-1164; Emails: dgevertz@bakerdonelson.com and mouzts@bakerdoneldson.com; Defense Counsel, using the CM/ECF filing system, which I understand will send a notice of electronic filing this 30th day of March 2012.

**/s/ CARLOS V. LEACH**
Carlos V. Leach